UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-153-JBC

DONALD J. WIGG,                                                                               PETITIONER,

V.                    **MEMORANDUM OPINION AND ORDER**

RANDY STOVALL, Warden,                                                              RESPONDENT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the respondent's motion to transfer (DE 10), the petitioner's motion for bail (DE 16), the petitioner's motion to stay proceedings (DE 17), the petitioner's motion for default judgment (DE 20), and the proposed findings of fact and recommendations (DE 23), the petitioner's motion for intervention and enforcement (DE 24), and the petitioner's motion opposing the transfer of the case (DE 25).  The court, having reviewed the record and being otherwise advised, will adopt the proposed findings and recommendations of the magistrate judge (DE 23), grant the respondent's motion to transfer (DE 10), deny the petitioner's motion opposing transfer (DE 25), and pass all of the petitioner's remaining motions to the District of Vermont (DE 16, DE 17, DE 20, DE 24).

I.     BACKGROUND

Donald Wigg, the petitioner in this matter, was convicted in Vermont state court and sentenced to eighteen months to five years in prison on October 9, 2003.  Pursuant to a contract between the state of Vermont and the Corrections

Corporation of America ("CCA"), Wigg has been incarcerated at the Lee Adjustment Center, CCA's private prison facility in Beattyville, Kentucky. Respondent Randy Stovall is the warden of CCA's Beattyville facility. On May 16, 2006, Wigg filed a pro se petition for a writ of habeas corpus in this judicial district. After filing this pro se action, Wigg was transferred from the Lee Adjustment Center to the Southern State Correctional Facility in Springfield, Vermont; thus, he is no longer confined to a penal institution in Kentucky.

## II.   STANDARD OF REVIEW

According to 28 U.S.C. § 1404(a), "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

## III.  ANALYSIS

On January 10, 2007, the magistrate judge issued proposed findings of fact and a recommendation (DE 23) on all then-pending motions in this matter, including Stovall's motion to transfer the case to the United States District Court for the District of Vermont (DE 10). Relying in part on *Dilworth v. Barker*, 431 F.2d 409 (5th Cir. 1972), the magistrate judge concluded that a transfer would still be

appropriate even if Wigg were still an inmate at the Lee Adjustment Center because the respondent "was only the physical custodian of the petitioner, rather than the legal custodian, and had no knowledge of petitioner's underlying criminal conviction received in Vermont and no authority to respond to the merits of petitioner's habeas petition." (DE 23 at 3.)

On January 25 and January 29, 2007, Wigg filed two pro se motions generally objecting to the magistrate judge's proposed findings and recommendation. See DE 24, DE 25. In the first of these motions, Wigg asks this court to order the state of Vermont to stay its order requiring him to provide DNA information and to register as a sex offender. See DE 24. Because the court will adopt the magistrate judge's recommendation and transfer this case to the District of Vermont, the court will also pass this motion.

In his most recent motion, Wigg asks this court "to keep the Habeas Corpus Writ Motion in its Court." (DE 25-1 at 3.) Although the court is mindful that the pro se pleadings of a prisoner are held "to less stringent standards than formal pleadings drafted by lawyers," see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Wigg has not provided any convincing reason to reject the magistrate judge's conclusion. Even if Wigg were still confined in the Lee Adjustment Center, the court finds that transfer of this case to the District of Vermont would best serve the interests of justice in accordance with 28 U.S.C. § 1404, and since Wigg's own transfer to Vermont, there is no longer any reason for the case to

proceed further here.  Accordingly,

**IT IS ORDERED** that the magistrate judge's proposed findings of fact and recommendation (DE 23) is **ADOPTED** as the opinion of this court.

**IT IS FURTHER ORDERED** that the respondent's motion to transfer this matter to the United States District Court for the District of Vermont (DE 10) is **GRANTED**.  The Clerk is directed to **TRANSFER** this file to the United States District Court for the District of Vermont.

**IT IS FURTHER ORDERED** that the petitioner's motion opposing the transfer of this case (DE 25) is **DENIED**.

**IT IS FURTHER ORDERED** that all remaining motions (DE 16, DE 17, DE 20, DE 24) be **PASSED** to the District of Vermont.

Signed on March 16, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4